UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael J. Lokai,

        Plaintiff,

-v-                                 Case No. 2:05-cv-00925
                                       Judge Michael H. Watson

Mac Tools, Inc., et al.,

        Defendants.

## OPINION AND ORDER

Plaintiff in this diversity action asserts product liability claims under Ohio law. A wrench manufactured by defendants broke while in use, and the piece that broke off struck plaintiff in his eye, causing plaintiff to lose that eye. This matter is before the Court on defendants' motion in limine (Doc. 41), defendants' motion for hearing (Doc. 44), plaintiff's motion in limine (Doc. 47), and defendants' motion to bifurcate (Doc. 54).

### I. Defendants' motion in limine

Defendants move to exclude: (1) a demonstrative animated video; (2) a video depicting plaintiff removing and cleaning his prosthetic eye; (3) evidence of lost wages; (4) testimony by plaintiff's treating physicians; and (5) plaintiff's testimony concerning his injury. Defendants also seek a sanction for alleged spoliation.

The Court has not viewed either the demonstrative video or the video of plaintiff removing and cleaning his prosthetic eye. The Court declines to rule on their

admissibility before it has had the opportunity to view them. Plaintiff shall submit a DVD with both videos directly to chambers by **June 18, 2007.**

Defendants also request that the Court exclude evidence concerning lost wages. Plaintiff, however, states that he does not seek damages for lost wages.

Defendants next argue that the Court should exclude testimony by plaintiff's treating physicians because plaintiff never provided expert reports for these witnesses. As plaintiff correctly points out, Rule 26(a)(2)(B) does not require expert reports from treating physicians because treating physicians are not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Accordingly, the Court will deny defendants' motion to exclude the testimony of plaintiff's treating physicians.

Defendants also seek to exclude plaintiff's testimony concerning the nature of his injuries, the diagnosis of his injuries, the extent of his injuries, and the causes of his injuries. Defendants argue that plaintiff is not qualified to testify as an expert, and that testimony about statements made by his treating physicians would constitute inadmissible hearsay. The Court disagrees. Plaintiff's testimony concerning what his treating physicians may have told him would not necessarily be offered for the truth of the matter asserted, as it may be used to explain the effect of the physicians' statements on plaintiff. Hence, plaintiff's testimony in this regard would not be hearsay as defined in Fed. R. Evid. 801(c). Furthermore, plaintiff represents that he will not attempt to testify as a medical expert. Beyond this, the Court declines to exclude such a broad category of testimony on a pretrial basis. Further rulings on these issues will be made at trial in the context of contemporaneous objections.

Lastly, defendants seek sanctions for purported spoliation of evidence. The

Court already determined that defendants are not entitled to spoliation sanctions when it ruled on defendants' summary judgment motion. The Court will adhere to its prior ruling, and will deny defendants' request for sanctions.

## II. Defendants' motion for hearing

Defendants also move the Court to conduct a *Daubert* hearing to determine the admissibility of testimony by plaintiff's expert on the issues of design defect, failure to warn, and the comparison of the force plaintiff applied to the subject wrench at the time of the accident with the force applied to the wrench when used as defendants intended. Plaintiff has not filed a response to defendants' motion for hearing.

The admissibility of expert testimony is governed by Fed. R. Evid. 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* The current Rule 702 codifies the central holding of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), that the district court serves as a "gatekeeper," ensuring that expert testimony is both relevant and reliable. *Daubert* identified a non-exhaustive list of four factors the trial court may employ in determining whether scientific testimony is reliable: (1) whether the theory has been tested; (2) whether it has been subject to peer review; (3) whether a technique has a potential rate of error; and (4) whether the theory is generally accepted within the scientific community. *Id.* at 592-94. The inquiry is flexible, and the district court is not required to

adhere to the enumerated factors. *Id.* at 594; *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999). In cases involving non-scientific expert testimony, the *Daubert* factors may be relevant, or reliability may instead hinge on the expert's personal knowledge or experience. *Kumho Tire,* 526 U.S. at 150; *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 295 (6th Cir. 2007).

As the Advisory Committee Notes to Rule 702 indicate, exclusion of expert testimony should be the exception and not the rule, and the trial court's role as gatekeeper is not intended to replace the adversary system. *Id.* (citing *United States v. 14.28 Acres of Land Situated in Leflore County, Mississippi,* 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 595

Plaintiff represents that he is not asserting a design defect claim. The first branch of defendants' motion for hearing is therefore moot. Plaintiff also states that he will not present expert testimony on his failure to warn claim. Consequently, the second issue presented in defendants' motion for hearing is likewise moot.

Plaintiff does not object to the Court conducting a *Daubert* hearing on the comparison of force issue. The Court will therefore set this matter for a *Daubert* hearing to determine the admissibility of testimony by plaintiff's expert concerning the comparison of the force plaintiff applied to the subject wrench with the force applied to the wrench when used to align the front end of a 1960 Chevrolet.

### III. Plaintiff's motion in limine

Plaintiff moves to exclude: (1) testimony concerning the lack of prior known

wrench failures involving the model of wrench that is the subject of this litigation; (2) evidence of alcohol consumption after the accident; and (3) evidence concerning plaintiff's failure to wear eye protection.

Plaintiff argues that defendants' lack of knowledge concerning prior wrench failures is inadmissible because defendants' knowledge is irrelevant to his strict products liability claim. Defendants contend that the lack of other accidents involving the same product is relevant and admissible under Ohio law.

Plaintiff relies on *Onderko v. Richmond Mfg. Co.*, 31 Ohio St.3d 296 (1987), which held:

> Evidence of prior similar accidents, offered to show that a defendant knew or should have known of a product's dangerous propensities, is relevant only to negligence. Such evidence has no bearing in a claim based on strict products liability where its purpose, as here, is to show knowledge or notice of prior accidents.

*Id.* at 301; *see also Deans v. Allegheny Int'l, Inc.*, 69 Ohio App.3d 349, 353 (1990).

Defendants rely on the concurring opinion of Justice Holmes in *Drake v. Caterpillar Tractor Co.*, 15 Ohio St.3d 346, 349-50 (1984), which recognized that proof of the absence of prior accidents should be admissible in products liability cases. Justice Holmes observed:

> [F]ew recent decisions can be found applying a general rule of exclusion. A large number of cases recognize that lack of other accidents may be admissible to show (1) absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or grounds to realize) the danger.

*Id.* (quoting *McCormick on Evid.* § 200 (3d Ed. 1984)). The issue Justice Holmes discussed in his concurring opinion, however, had not been raised by the parties in

*Drake.*

Nonetheless, the First District Court of Appeals squarely addressed the issue in *Blanton v. Int'l Chemical Corp.*, 125 Ohio App.3d 22 (1997). In *Blanton,* the plaintiff was injured on the job when his hand was crushed in a core-making machine. He brought a lawsuit against his employer and the manufacturer of the core-making machine. The case proceeded to trial, and the jury returned a verdict in favor of the manufacturer. On appeal, the plaintiff argued, *inter alia,* that the trial court erred in allowing the manufacturer to introduce testimony concerning the absence of prior accidents.

The court of appeals in *Blanton* initially acknowledged Justice Holmes' concurring opinion in *Drake,* but concluded Ohio courts otherwise offered little guidance. Following a decision by the Supreme Court of Pennsylvania, the court of appeals in *Blanton* affirmed the trial court's decision to admit the evidence, stating:

> We agree with the reasoning in *Spino*. We hold that evidence of the nonexistence of prior accidents or injuries is admissible if a proper foundation is laid establishing that the offering party would have known about any prior, substantially similar accidents or injuries involving the product at issue. Our holding is in conformity with many other jurisdictions as well.

*Blanton*, 125 Ohio App.3d at 31 (citing *Spino v. John Tilley Ladder Co.*, 548 Pa. 286, 696 A.2d 1169 (1997)).

Notably, both *Blanton* and *Spino* were *design* defect cases. In contrast, in the instant case, plaintiff has expressly abandoned any defective design claim, and proceeds on a *manufacturing* defect claim. At least one state supreme court has recognized that while evidence of the lack of prior accidents is admissible with regard to

a design defect claim, such evidence has no relevance to a manufacturing defect claim. *Jones v. Pak-Mor Mfg. Co.*, 145 Ariz. 121, 126, 700 P.2d 819, 128, n. 4 (1985). The Court agrees with the reasoning in *Jones.* If a certain product design is defective, the defect would be present in all products sharing the defective design. It might be reasonable to expect that if the entire output of thousands or more of such products were defective in design, similar accidents resulting from the defective design would have occurred over time. A manufacturing defect, on the other hand, may be present in only a single manufactured item. Hence, the absence of prior accidents is not probative of whether a particular manufactured item contains a manufacturing defect. The Court finds that if the Ohio Supreme Court were faced with this precise issue, it would reach the same conclusion.

This does not end the Court's analysis. In addition to a manufacturing defect claim, plaintiff asserts a claim of negligent failure to warn. Defendants' knowledge of prior accidents, or the lack thereof, is clearly relevant to plaintiff's negligence claim. The Court will therefore allow evidence of the lack of prior accidents to come in with respect to plaintiff's claim of negligence, but will instruct the jury that such evidence may not be considered in connection with plaintiff's manufacturing defect claim.

Plaintiff next argues that the Court should exclude evidence of alcohol consumption that occurred after the accident. Plaintiff testified at his deposition that after the accident he consumed approximately one-half can of beer and then went to the hospital. Plaintiff contends this evidence is irrelevant and unduly prejudicial. Defendants maintain "[t]he fact that plaintiff's first action after the accident was to drink a beer is relevant to any alleged claim of pain and suffering that plaintiff may assert he

endured immediately after the accident." Memo in Opp. (Doc. 53) at 3. Defendants also assert that the jury should be aware that alcohol was present "when the relevant events transpired," *id.,* especially given that defendants claim the wrench was being misused or abused. Moreover, defendants argue that plaintiff's claim of undue prejudice is premature, and should be addressed during voir dire.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court finds that the challenged evidence is relevant to the determination of the degree of pain and suffering plaintiff experienced immediately after the accident. A rational juror could conclude that any delay by plaintiff in seeking medical care diminishes any assertion of severe pain and suffering immediately after the accident.

The Court, however, finds that the evidence that plaintiff consumed one-half of a beer *after* the accident is not relevant to defendants' claim of misuse or abuse because it does not make misuse or abuse more likely. In this regard, defendants' assertion that the jury should know that alcohol was present is without merit in the absence of evidence that plaintiff consumed alcohol *before* the accident. Defendants, their attorneys, and their witnesses shall therefore scrupulously avoid suggesting that alcohol consumption played any part in the accident.

Plaintiff also argues the evidence is unduly prejudicial. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, [or] confusion of the issues, . . ." Fed. R. Evid. 403. The probative value of the alcohol consumption as raised herein is, at most, negligible.

Nonetheless, the Court finds that the danger of unfair prejudice is minimal. Consuming one-half of a beer should not be particularly shocking to the trier of fact.

Furthermore, as defendants suggest, plaintiff may inquire as to prospective jurors' views on alcohol consumption during voir dire, and challenge for cause any prospective juror who indicates he or she could not be fair to plaintiff in light of the fact that he consumed one-half of a beer immediately following the accident. The Court finds that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence in this instance.

Lastly, plaintiff requests that the Court bar defendants from raising the fact that plaintiff was not wearing safety glasses at the time of the accident. Plaintiff argues that his failure to wear eye protection is irrelevant to his strict products liability claim. Defendant argues the evidence is relevant to plaintiff's strict product liability claim because plaintiff's failure to wear safety glasses constitutes an unforeseeable misuse of the wrench.

Defendants' suggestion that the use of wrenches without eye protection, even by an experienced mechanic, is unforeseeable, borders on the absurd. If defendants had submitted evidence that virtually all mechanics wear safety glasses any time they pick up a wrench, the result might conceivably be different. Defendants, however, have not submitted such evidence. The argument might also be stronger if plaintiff had suffered an eye injury while welding or grinding, which present obvious risks of eye injury. That is not the case here. The Court holds that the use of wrenches by mechanics without eye protection is foreseeable. Evidence that plaintiff was not wearing safety glasses at the time of the accident is therefore not relevant to plaintiff's strict products liability

claim.

Nevertheless, plaintiff also asserts a claim of negligent failure to warn. If defendants can lay a foundation that plaintiff was aware of a danger associated with using wrenches without eye protection, then the evidence would be relevant to establishing comparative negligence. For these reasons, the Court will allow defendants to raise the fact that plaintiff was not wearing safety glasses in connection with comparative fault. The Court excludes the evidence to the extent defendants seek to use the fact as a defense to plaintiff's strict products liability claim, and the Court will instruct the jury accordingly.

### IV. Defendants' motion to bifurcate

Defendants additionally move to bifurcate the trial into separate liability and damages phases. Bifurcation is governed by Rule 42(b), which provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right to trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). "'Bifurcation orders are reviewed for abuse of discretion, with the court required to consider the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *United States v. Mtusoff Rental Co.*, 204 F.R.D. 396, 399-400 (S.D. Ohio 2001)(quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

Defendants argue that bifurcation is necessary in this case to prevent unnecessary confusion of the issues and prejudice to defendants, and to promote

judicial expedition and economy. Plaintiff contends that defendants' arguments are conclusory, and that this is otherwise not the kind of exceptional case that would warrant bifurcation.

Defendants characterize this case as complex and potentially confusing to the jury. The Court disagrees. This is a typical products liability action which will go to trial on two claims: defective manufacture and negligent failure to warn. It is anticipated that each side will call only one expert on liability. Defendants also acknowledge that plaintiff's damages are "straightforward." Although determining the credibility of experts is challenging to any jury, it cannot fairly be said that this case is either complex or confusing.

Defendants also argue that they will be prejudiced by having the jury determine both liability and damages because the jury may determine liability on the basis of sympathy arising from the presentation of evidence on damages. The Court, however, will instruct the jury not to consider damages unless liability is established, and will also instruct the jury not to decide this case on the basis of sympathy. There is no reason to believe that the jury will disregard these instructions, and the Court finds defendants' fear of unfair prejudice to be unfounded.

Lastly, defendants maintain that bifurcation will serve the interests of expedition and economy. The Court fails to see how this can be so. For example, two trials would require the Court to conduct similar voir dire examinations twice. Twice as many citizens would be required to take the time to travel to the Court to participate in jury selection. Standard preliminary and final jury instructions would also be given in both trials. Morever, as plaintiff points out, some witnesses may have to testify at both trials.

The Court finds that the interests of expedition and economy would be served best by a single trial. For all the above reasons, the Court will deny defendants' motion to bifurcate.

## V. Disposition

Based on the above, the Court rules as follows:

A. The Court **DENIES** defendants' motion in limine (Doc. 41) except that the Court reserves ruling on the admissibility of the demonstrative video and the video of plaintiff removing and cleaning his prosthetic eye. Plaintiff shall submit a DVD with both videos directly to chambers by **June 18, 2007.**

B. The Court **DENIES** defendants' motion for hearing (Doc. 44) with respect to testimony concerning design defect and failure to warn, because those issues are moot, but **GRANTS** the motion with respect to testimony by plaintiff's expert about the comparison of force issue.

C. The Court **GRANTS** plaintiff's motion in limine (Doc. 47) in part and **DENIES** it in part: (1) Evidence of the lack of prior accidents involving the same model of wrench may not be considered in connection with plaintiff's manufacturing defect claim. The evidence may, however, be introduced with respect to plaintiff's negligence claim. (2) Evidence of plaintiff's alcohol consumption after the accident may not be considered in determining liability. Nevertheless, the evidence may be introduced in connection with damages. (3) Evidence of plaintiff's failure to wear eye

protection may not be considered with respect to plaintiff's strict products liability claim. The evidence may nevertheless be introduced to establish comparative negligence if a proper foundation is laid.

D.   The Court **DENIES** defendants' motion to bifurcate (Doc. 54).

The Clerk shall remove Docs. 41, 44, 47 and 54 from the Court's next Civil Justice Reform Act motions report.

The Court will set this matter for a telephone status conference and a *Daubert* hearing in a separate order.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**